| | |
|---|---|
| 1 | John A. Schena (SBN 269597) |
| 2 | john@sscelaw.com<br>Mikayla M. Kuhn (SBN 327342) |
| 3 | kayla@sscelaw.com<br>**Schwartz Semerdjian Cauley & Evans LLP** |
| 4 | 101 West Broadway, Suite 810<br>San Diego, CA 92101 |
| 5 | Telephone No. 619.236.8821<br>Facsimile No. 619.236.8827 |
| 6 | Attorneys for Plaintiff |
| 7 | Business Partner Solutions, Inc. |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUSINESS PARTNER SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NOVACOAST, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT; AND**<br>2) **MISAPPROPRAITION OF TRADE SECRETS PURSUANT TO THE DEFEND TRADE SECRETS ACT**<br><br>**DEMAND FOR JURY TRIAL** |
1

Case No. ____
PLAINTIFF'S COMPLAINT

Plaintiff, BUSINESS PARTNER SOLUTIONS, INC. ("BPS"), for its complaint, alleges as follows:

## INTRODUCTION

1. Plaintiff, BPS, is a well-established cybersecurity consulting organization and value-added reseller located in Scottsdale, Arizona. Through its many successful years in the industry, BPS has formed valuable relationships with numerous "household name" companies.

2. Defendant, NOVACOAST, INC. ("Novacoast"), is an IT professional services and product development company located in Santa Barbara, California. BPS and Novacoast began discussions regarding the scope and parameters of their work together in 2021. The parties agreed to an arrangement where BPS would provide access to Novacoast its confidential information in exchange for evaluating future business relationships. The parties envisioned executing a teaming agreement between BPS and Novacoast that would assign a percentage of future profits that resulted from said introductions to BPS.

3. On August 26, 2021, BPS and Novacoast entered into a Mutual Nondisclosure and Noncircumvention Agreement so BPS could share its confidential business information while the teaming agreement would be finalized without concern that Novacoast would misappropriate proprietary information, including client lists. The Mutual Nondisclosure and Noncircumvention Agreement is attached hereto as Exhibit A.

4. As part of the Mutual Nondisclosure and Noncircumvention Agreement, Novacoast agreed to not solicit or perform services for BPS clients during the pendency of the agreement and for one-year thereafter.

5. BPS followed through on its end of the arrangement and provided confidential information to Novacoast, including information related to its clients such as FedEx Corporation ("FedEx"). Thereafter, Novacoast began to perform services for compensation with BPS clients, including FedEx.

6. Novacoast has failed to enter into a teaming agreement or compensate BPS for the use of its proprietary information including access to client information.

7. Novacoast's business dealings with BPS's clients, including FedEx, are in violation of the Mutual Nondisclosure and Noncircumvention Agreement with BPS.

## THE PARTIES

8. Plaintiff, Business Partner Solutions, Inc., is a company with its principal place of business in Scottsdale, Arizona. BPS owns all of the trade secrets and confidential information misappropriated by Novacoast.

9. Defendant, Novacoast, Inc., upon information and belief, is a California company that operates out of an office in Santa Barbara, California. Novacoast publicly holds out its Santa Barbara office to be its west coast headquarters.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20, inclusive, are unknown to BPS, who therefore sues said Defendants by such fictitious names and will ask leave to amend the Complaint to show their true names and capacities when they have been ascertained. BPS is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to in this Complaint.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because BPS is an Arizona corporation whereas Novacoast is incorporated in California, and the amount in controversy exceeds the jurisdictional minimum of this Court.

12. This Court has subject matter jurisdiction over BPS's federal trade secret claim pursuant to 18 U.S.C. §§ 1836-39 et seq. and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over BPS's Arizona state law breach of contract claim relating to and arising from the same set of facts as BPS's federal claims

1 pursuant to 28 U.S.C. § 1367.

2     13.    This Court has personal jurisdiction over Novacoast because it is incorporated in California and has an office located in Santa Barbara, California.

    14.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to personal jurisdiction within this district, and because a substantial part of the events giving rise to BPS's claims occurred in this Judicial District.

## UNDERLYING FACTS

    15.    BPS and Novacoast entered into a Mutual Nondisclosure and Non-circumvention Agreement dated August 26, 2021. Katherine Bluma, CEO and Founder, executed the agreement on behalf of BPS, and Janice Newlon, COO, executed the agreement on behalf of Novacoast.

    16.    As detailed in the Background of the agreement, the purpose of the parties entering the agreement and sharing confidential and proprietary information is because the parties "intend[ed] to enter into discussions concerning possible strategic alliances, joint ventures, business partnerships, and other business relationships."

    17.    To that end, the Mutual Nondisclosure and Noncircumvention Agreement contains a number of obligations Novacoast is required to adhere to including, but not limited to, (i) the limitations upon use of BPS's confidential information and trade secrets; and (ii) solicitation and engagement of BPS customers.

    18.    In the event that Novacoast breached the Mutual Nondisclosure and Noncircumvention Agreement by performing services for any customer or client of BPS while the agreement was in place or for one-year thereafter, Novacoast agreed to pay BPS "an amount equal to the gross revenue accrued or received, whichever higher…"

19. On September 8, 2021, the parties met and reconfirmed the commitment to not misappropriate each other's proprietary information or trade secrets.

20. As a result of the Mutual Nondisclosure and Noncircumvention Agreement and the affirmation on September 8, BPS provided confidential information and trade secrets to Novacoast for the purpose of entering into a further business relationship.

21. On September 23, 2021, the parties met and BPS provided confidential information to Novacoast, including but not limited to: (i) how BPS cultivates clients and relationships; (ii) its profit sharing model with vendors; (iii) outstanding opportunities for business that were presented to BPS; (iv) key personnel at FedEx and how BPS approaches FedEx; and (v) BPS's business plan for a partner portal.

22. In addition, BPS provided access to Novacoast to its vendor list and customer list which BPS maintains as trade secret and confidential. The information provided includes information not known to the public including the identity and contact information of key personnel and decision makers that BPS has spent years amassing and derives significant value as a result.

23. BPS also provided Novacoast with confidential information related to its outstanding statements of work and the price of upcoming projects with its customers.

24. BPS has not given permission to Novacoast to use its confidential and proprietary information for purposes other than those described in the Mutual Nondisclosure and Noncircumvention Agreement.

25. Novacoast proceeded to use BPS's confidential and proprietary information in violation of the Mutual Nondisclosure and Noncircumvention Agreement.

26. By means of example, BPS has had a relationship with FedEx for over a decade; Novacoast, on the other hand, had no preexisting relationship with FedEx.

Pursuant to the Mutual Nondisclosure and Noncircumvention Agreement BPS provided Novacoast confidential information related to its business with FedEx in 2021. The information included contact, contract, and business needs information. In short, BPS provided both confidential information and information protected by trade secret to Novacoast regarding its business relationship with FedEx. BPS did so under the representation that Novacoast would enter into a joint venture or teaming agreement.

27. BPS also provided Novacoast with access to speak directly to its Chief Information Security Officer. On information and belief, Novacoast used that access to further gather confidential information and trade secrets from BPS employees.

28. After providing Novacoast with its confidential information, BPS was informed by FedEx that Novacoast solicited and conducted business with FedEx, without permission or compensation.

29. Subsequently, Novacoast has purposefully refused to provide compensation or sign a teaming agreement.

30. During all times that Novacoast solicited and conducted business with FedEx, the Mutual Nondisclosure and Noncircumvention Agreement has been in effect, and remains so today. Neither party has terminated the agreement.

31. On February 23, 2022, Novacoast provided a Statement of Work to FedEx for "Data Lake Rollout." The Statement of Work estimated $78,400.00, and $28,125 plus travel in costs to be billed by Novacoast to FedEx. No monies have been paid to BPS as a result.

32. Upon information and belief, continued business relationship is ongoing between Novacoast and FedEx. Novacoast's business dealings with FedEx are in violation of the terms of the NDA with BPS.

Case No._____
PLAINTIFF'S COMPLAINT

33. Upon information and belief, Novacoast has used BPS's confidential information it gained access to only pursuant to the Mutual Nondisclosure and Noncircumvention Agreement to perform services for other BPS clients.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

### Against Novacoast, Inc. and DOES 1-20

34. BPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

35. Pursuant to the fully executed Mutual Nondisclosure and Non-circumvention Agreement between BPS and Novacoast, Novacoast agreed to adhere to the following, (i) the limitations upon use of BPS's confidential information and trade secrets, and (ii) solicitation and engagement of BPS customers.

36. The Mutual Nondisclosure and Noncircumvention Agreement prohibits Novacoast from soliciting or accepting business from BPS's clients during its term and for one year thereafter.

37. BPS would not have provided Novacoast with its confidential information, trade secrets, and client contacts absent the mutual considerations and promises contained in the Mutual Nondisclosure and Noncircumvention Agreement. BPS performed all conditions, covenants, and promises required on its part to be performed in accordance with the agreed upon terms of the Mutual Nondisclosure and Noncircumvention Agreement.

38. Novacoast breached the Mutual Nondisclosure and Noncircumvention Agreement by solicitating, engaging, and participating in business for financial gain BPS clients, including FedEx in a manner that harmed BPS, while benefiting Novacoast.

39. Novacoast's conduct in pursuing and establishing a business relationship with BPS's client including FedEx, is a substantial factor in causing BPS' harm.

40. As a direct, foreseeable, and proximate result of Novacoast's breach of the Mutual Nondisclosure and Noncircumvention Agreement, BPS has suffered damages, and continues to be damaged in an amount to be determined at trial.

41. Additionally, as a result of the breach by Novacoast, BPS has incurred legal fees and costs which it is entitled to recover pursuant to Section 14 of the Mutual Nondisclosure and Noncircumvention Agreement.

## SECOND CLAIM FOR RELIEF

**(Misappropriation of Trade Secrets Pursuant to the Defend Trade Secrets Act)**

**Against Novacoast, Inc. And DOES 1-20**

42. BPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs.

43. BPS's confidential information includes trade secrets that derive independent economic value from not being known to, and not being readily ascertainable to another person who can obtain economic value from the disclosure or use of the information.

44. BPS's confidential and trade secret information relates to client key contact lists, vendor relationship information, client financial and business operations information, client product information, and BPS's strategy for future client engagement.

45. BPS has taken reasonable measures to keep such information secret and confidential.

46. BPS at all times maintained security measures to preserve the secrecy of its trade secrets. For example, BPS restricts access to the confidential and trade secret information to only those who "need to know" and only after they have executed a non-disclosure agreement, such as the Mutual Nondisclosure and Noncircumvention Agreement.

47. Novacoast gained access to BPS's trade secrets and used them for unauthorized purposes, which constitutes misappropriation.

48. In violation of BPS's rights, Novacoast misappropriated BPS's trade secret information in an improper and unlawful manner as alleged herein in its solicitation of and business dealings with BPS's clients including FedEx.

49. Novacoast's misappropriation of BPS's confidential information and trade secrets was intentional, knowing, willful, malicious, fraudulent, and oppressive.

50. As the direct and proximate result of Novacoast's conduct, BPS has suffered and will continue to suffer competitive harm, injury, and damages to be proven at trial.

51. BPS has been damaged by all of the foregoing and is entitled to an award of exemplary damages and attorney's fees.

## PRAYER FOR RELIEF

Wherefore, Business Partner Solutions, Inc., respectfully requests the Court enter judgment against defendants as follows:

1. For damages against Novacoast in an amount to be proven at trial, including unjust enrichment received by Novacoast;
2. For exemplary damages;
3. Awarding pre-judgment interest, as well as reasonable attorneys' fees and other costs; and
4. Awarding such other relief as this Court may deem just and proper.

Dated: April 19, 2023

**SCHWARTZ SEMERDJIAN CAULEY & EVANS LLP**

By: /s/ John A. Schena
John A. Schena
Mikayla M. Kuhn
Attorneys for Plaintiff
BUSINESS PARTNER SOLUTIONS, INC.